IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BARRY WION #393726, § | |
| CLIFTON BATTLES #639598, and § | |
| LAWRENCE SHIRLEY #712351 § | |
| § | |
| V. § | A-10-CA-084-LY |
| § | |
| STUART JENKINS and RISSIE OWENS § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiffs' complaint (Document No. 1); Plaintiffs' memorandum of law in support thereof (Document No. 2); Plaintiffs' Motion for Summary Judgment with Plaintiffs' Statement of Uncontroverted Facts (Document No. 12); Plaintiffs' Motion for Class Certification with Motion for Appointment of Interim Counsel (Document No. 15); Plaintiffs' Supplemental Exhibits (Document No. 16); Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment (Document No. 21); Defendants' Cross-Motion for Summary Judgment (Document No. 22); Plaintiffs' Response in Opposition to Defendants' Cross-Motion for Summary Judgment (Document No. 25); and Plaintiffs' Second Supplemental Exhibits (Document No. 30). Plaintiffs, proceeding pro se, have paid the applicable filing fee for this case.

## STATEMENT OF THE CASE

At the time they filed their complaint pursuant to 42 U.S.C. § 1983, Plaintiffs were confined in the Hughes Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. According to Plaintiffs, Wion was convicted of three counts of aggravated sexual assault of a child, committed in May 1984, and was sentenced to three concurrent terms of 99 years confinement, with parole eligibility in June 2004, after 20 calendar years in prison, pursuant to the laws in effect in May 1984. Wion claims he was denied parole in 2004 and 2007 under parole laws, rules, regulations, guidelines, policies, criteria, and procedures, which were enacted or implemented after May 1984 and applied retroactively to Wion's parole reviews. According to Wion, he was denied parole for the sole reason of "nature of offense."

Plaintiff Battles on the other hand was convicted of two sexual offenses against a child, committed in December 1991, and was sentenced to two concurrent terms of 35 and 15 years confinement, with initial parole eligibility in 2001. Battles claims he was denied parole in 2001 and three subsequent parole reviews under parole laws, rules, regulations, policies criteria, and procedures, which were enacted or implemented after December 1991 and applied retroactively to his parole reviews.

Plaintiff Shirley similarly alleges he was convicted of seven sexual offenses against a child, committed prior to 1993, and is serving concurrent terms of one life and six lesser sentences. Shirley claims he was denied parole in 2009 under parole laws, rules, regulations, policies criteria, and procedures, which were enacted or implemented after the commission of his offenses and applied retroactively to his parole reviews.

Plaintiffs sue Chairman of the Board of Pardons and Paroles, Rissie Owens, and Director of the Texas Department of Criminal Justice - Parole Division, Stuart Jenkins.

Plaintiffs accuse Defendants of applying new parole laws and rules retroactively to determine their suitability for parole. Plaintiffs also complain that one of the reasons given for the denial of parole is the nature of their offense.  Plaintiffs seek a declaratory judgment, injunctive relief, and costs.  Plaintiffs and Defendants move for summary judgment.

## DISCUSSION AND ANALYSIS

A.   Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322,

---

[1] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    B.    Issue Preclusion

Plaintiffs argue the ex post facto issues have already been determined and decided in Plaintiff Wion's favor. Wion previously filed an application for habeas corpus relief. See Wion v. Dretke, No. 7:05-CV-146-RAJ (W.D. Tex.). On March 29, 2007, the District Court granted Wion's habeas application with regard to his ex post facto claim and ordered all future parole hearings held for Wion be held under the law as it existed at the time of Wion's sentencing in 1984. Id. (Order Adopting Report and Recommendation Mar. 29, 2007). The Court's judgment was reversed by the

Fifth Circuit Court of Appeals on April 28, 2009, and Wion's application was dismissed as time-barred. Wion v. Quarterman, 567 F.3d 146 (5th Cir. 2009). The Supreme Court denied Wion's petition for writ of certiorari. Wion v. Thaler, 130 S. Ct. 1120 (2010). Because the District Court's order and judgment were reversed, there was no final decision regarding whether or not Wion demonstrated a violation of the Ex Post Facto Clause. As such, the District Court's order with regard to Wion's application for habeas corpus relief has no bearing on his instant civil rights complaint.[2]

C. Due Process

The United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons

---

[2] The Court notes the District Court presiding over Wion's habeas application did not have the benefit of Wallace v. Quarterman, 516 F.3d 351 (5th Cir. 2008), when it issued its opinion.

have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Regardless of when and how often inmates seek parole review, they are never kept in prison beyond their maximum sentence date.

Because Plaintiffs have no liberty interest in obtaining parole in Texas, they have no claim for violation of due process in the procedures attendant to their parole decisions. Orellana, 65 F.3d at 31. In addition, while the core of substantive due process is protection from arbitrary government action, "only the most egregious official conduct" is arbitrary in the constitutional sense. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Plaintiffs' complaint does not meet that standard.

    D.    Ex Post Facto Clause

Plaintiffs' primary challenge is under the Ex Post Facto Clause. Plaintiffs contend the defendants have implemented a series of incremental changes in their parole laws, rules, regulations, guidelines, policies, criteria, and procedures, which have been retroactively applied and cumulatively increase their punishment or abolish parole. Plaintiffs do not allege that any specific retroactively applied law or rule by its own terms shows a significant risk of increasing their punishments. Rather,

they argue in a conclusory and vague manner that all new parole procedures are being applied to them in a constitutionally detrimental manner.

Article I, Section 10 of the United States Constitution provides, "no State . . . shall pass any . . . ex post facto law." U.S. CONST. art. I, § 10.  The Ex Post Facto Clause "protects liberty by preventing governments from enacting statutes with 'manifestly unjust and oppressive' retroactive effects."  Stogner v. California, 539 U.S. 607, 611 (2003) (quoting Calder v. Bull, 3 Dall. 386, 291 (1798)).  Under the Ex Post Facto Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts."  Collins v. Youngblood, 497 U.S. 37, 43 (1990) (citing Beazell v. Ohio, 269 U.S. 167, 169-70, (1925)).  A statute violates the Ex Post Facto Clause only if it retroactively "effects [a] change in the definition of respondent's crime" or "increases the 'punishment' attached to respondent's crime."  California Dep't of Corr. v. Morales, 514 U.S. 499, 505 (1995).  The latter analysis applies to Plaintiffs.

The Fifth Circuit recently recognized that while changes to parole eligibility could retroactively increase punishment, determinations of suitability for parole are discretionary and do not have ex post facto implications.  Wallace v. Quarterman, 516 F.3d 351 (5th Cir. 2008).  The Fifth Circuit explained that Simpson v. Ortiz, 995 F.2d 606, 610 (5th Cir. 1993) reaffirmed its holding in Sheary v. United States, 822 F.2d 556, 558 (5th Cir. 1987), in that changes in Parole Commission guidelines on the suitability of parole do not violate the Ex Post Facto Clause.  Wallace, 516 F.3d at 355.  The court concluded that this holding is consistent with the holding in Portley v. Grossman, 444 U.S. 1311 (1980), which held changes to discretionary parole guidelines do not have ex post facto implications.  Id.  The issues raised by Plaintiffs in their complaint address suitability for parole, not eligibility for parole, and do not violate the Ex Post Facto Clause.  Olstad v. Collier, 326

7

Fed. Appx. 261 (5th Cir. Apr. 27, 2009). Moreover, there is no evidence that changes in state law regarding parole eligibility have been retroactively applied to the plaintiffs. Accordingly, Plaintiffs have failed to demonstrate a viable constitutional claim for a federal <u>ex post facto</u> violation against Defendants.

      E.     <u>Double Jeopardy</u>

To the extent Plaintiffs are attempting to claim a violation of the Double Jeopardy Clause, their claims fail. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. <u>United States v. Ursery</u>, 518 U.S. 267, 273 (1996). The denial of parole is not an additional punishment for the original offense. Therefore, the fact that Plaintiff may be eligible for parole and yet remains confined without an expectancy of an early release cannot constitute a double jeopardy violation. <u>Coronado v. United States Board of Parole</u>, 540 F.2d 216 (5th Cir. 1976).

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiffs' Motion for Summary Judgment [#12] be **DENIED**, Defendants' Cross-Motion for Summary Judgment [#22] be **GRANTED**, and Plaintiff's Motion for Class Certification with Motion for Appointment of Interim Counsel [#15] be **DISMISSED AS MOOT**.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of December, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE